UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN FAHIMIRAD,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 12-1472-PJW<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

## I.
## INTRODUCTION

Plaintiff was represented by counsel when he filed this action in March 2012, seeking review of Defendant's decision denying his claim for social security benefits. Counsel subsequently filed a motion to be relieved of counsel. Implicit in counsel's motion was the understanding that he had determined that there were no viable grounds to appeal the Agency's decision. Counsel explained that he had requested the authority to dismiss the action from Plaintiff in writing in July 2012 but that Plaintiff did not give him authority to dismiss nor did Plaintiff attempt to find new counsel. In September 2012, counsel notified Plaintiff that he was moving to withdraw from

the case.  Plaintiff did not appear at an October 5, 2012 hearing on the motion to withdraw and the Court was unable to contact him by telephone during the hearing.  The Court then granted counsel's motion to withdraw and set dates for briefing.  The scheduling order was mailed to Plaintiff at his last known address.

Plaintiff failed to file an opening brief, as required under the scheduling order and failed to request an extension of time.  On December 4, 2012, the Court issued an Order to Show Cause as to why the case should not be dismissed.  Plaintiff failed to respond to the order and has not had any contact with the Court.

## II.

## DISCUSSION

This Court has authority to dismiss an action for failure to prosecute in order to ensure "the orderly and expeditious disposition of cases."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631 (1962) (noting that Rule 41(b) of the Federal Rules of Civil Procedure expressly recognizes this power).  In determining whether dismissal for lack of prosecution is proper, the Court weighs several factors, including (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to Defendant, (4) the availability of less drastic sanctions, and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (recognizing court's inherent power to control its docket by dismissal, where appropriate); *see also Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (noting factors to be weighed before dismissing an action for lack of prosecution included public's interest in

expeditious resolution of litigation and court's need to manage its docket).

Dismissal of this case is warranted under Rule 41(b). Plaintiff's failure to pursue this action, despite the Court's orders, necessarily implicates both the first and second factors, i.e., the public's interest in expeditious resolution of litigation and the Court's need to manage its docket efficiently. *Pagtalunan*, 291 F.3d at 642. Indeed, Plaintiff's noncompliance with the Court's orders has caused this case to simply linger on the docket for almost a year, thereby impermissibly "allowing Plaintiff[] to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). As to the third factor, the risk of prejudice to Defendant, there is no obvious prejudice at this time, other than the fact that the government is required to staff this case until it is over. With respect to the fourth factor, i.e., the availability of less drastic alternatives, the Court could offer Plaintiff another opportunity to respond to its orders. But this course would be time-consuming and no more likely to motivate Plaintiff to meet his obligations than the Court's previous orders. Only the fifth factor to be considered, i.e., the preference for resolving cases on the merits, favors the continuation of this litigation. The Court would prefer to resolve this case on the merits, but, if Plaintiff will not cooperate, this cannot be done. Further, having reviewed the record, there does not appear to be any meritorious basis for challenging the Agency's decision denying benefits. Thus, dismissal pursuant to Rule 41(b) is

warranted.  *See Ferdik*, 963 F.2d at 1263 (finding dismissal appropriate where supported by three factors).

IT IS SO ORDERED.

DATED:     January 2    , 2013.

```
                              PATRICK J. WALSH
                              UNITED STATES MAGISTRATE JUDGE
```

S:\PJW\Cases-Soc Sec\FAHIMIRAD, 1472\Ord_dismiss.wpd